Nathan Archuleta, SBN 309759
P&P Imports LLC
17352 Derian Ave.
Irvine, California 92614
nate@pandpimports.com
949-630-0447

Attorney for Plaintiff
**P&P Imports LLC**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| P&P IMPORTS LLC, a California limited liability company<br><br>                Plaintiff;<br><br>vs.<br><br>Shenzhen Bingrui Technology Co., Ltd. DBA Cooler Cruiser Official, DBA Heat Equation Official a Chinese limited company; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.: 8:25-cv-2509<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**:<br><br>1)    **Trademark Infringement (15 U.S.C. § 1114);**<br>2)    **Copyright Infringement (17 U.S.C. § 501);**<br>3)    **Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 et seq.);**<br>4)    **California Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT

Plaintiff P&P Imports LLC ("P&P" or "Plaintiff"), files this complaint for its claims for relief against Shenzhen Bingrui Technology Co., Ltd. DBA Cooler Cruiser Official, DBA Heat Equation Official, and Does 1-10 (collectively "Defendants"), alleging, based on its own knowledge, and based on information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the suit arises under the trademark, copyright, and unfair competition laws of the United States, including 15 U.S.C. § 1125 and 17 U.S.C. §101, *et seq*., and this court has supplemental jurisdiction over the California State causes of action under 28 U.S.C. §1367.

2. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants transact and solicit business in this Judicial District including by soliciting and selling goods to California residents in this District.

3. Defendants have contracted with and/or operate a logistics warehouse in this Judicial District to distribute their infringing goods within this Judicial District. Defendants therefore conduct business within this Judicial District, and many of the acts complained of occurred within this Judicial District.

4. Furthermore, Defendants have expressly consented to personal jurisdiction in this Judicial District, pursuant to a counter-notice (e.g., characterized as a DMCA counter-notice) they submitted to Amazon.com on or about October 24, 2025. A true and correct copy of Amazon.com's notice to P&P of Defendant's October 24, 2025 counter-notice, which includes the consent to such personal jurisdiction, is attached hereto as Exhibit B-1.

5. This Court has specific personal jurisdiction over Defendants because, among other things, defendants are advertising their infringing goods to Californians in this Judicial District using infringing content displayed in this Judicial District, and

- 2 -
COMPLAINT

are importing those infringing goods into warehouses in the State of California for delivery to California residents.  Defendants have continuous and systematic contacts with the State of California such that they could reasonably foresee being brought into court in California.

6. Defendants import and sell the products accused of infringing in this case and deliver those products into the stream of commerce with the expectation that they will be purchased by customers in California.

7. Defendants regularly transact business in the State of California and within this District.  Defendants engage in other persistent courses of conduct and derive substantial revenue from products provided in this District and in California, and have purposefully established substantial, systematic, and continuous contacts within this District and should reasonably expect to be sued in a court in this District. Given these contacts, the Court's exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and otherwise because a substantial part of the events or omissions giving rise to the claims for trademark infringement, copyright infringement, unfair competition, and related state claims occurred in this District.  See, e.g., *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017).  As detailed above, on information and belief, Defendants have regular and established places of business in California and in this District, and Defendants are subject to personal jurisdiction in this District at the time this action is commenced.  Further, the claims asserted in this action arise out of wrongful acts committed by Defendants within this District.  Defendants continue to conduct business in this District, including one or more acts of making, selling, importing, and/or offering for sale infringing products, unlawfully using infringing content, or providing support services with respect to the infringing products to its customers within this District.

9. P&P is informed and believes, and based thereon alleges, that

- 3 -

COMPLAINT

Defendants have advertised, sold, and distributed the infringing products subject to this Complaint in this Judicial District, and engaged in the wrongful acts alleged herein in this Judicial District.

10.     All of P&P's Claims for Relief, as further described herein, arise out of the same nucleus of operative facts.

## THE PARTIES

11.     Plaintiff P&P Imports LLC is a California limited liability company with its principal place of business at 17352 Derian Ave., Irvine, California 92614.

12.     Shenzhen Bingrui Technology Co., Ltd. DBA Cooler Cruiser Official, DBA Heat Equation Official, is a Chinese company with its principal place of business at Room 401-416-3, Building C4 Zhonghao Industrial City, Xiangjiaotang Community, Bantian Subdistrict, Longgang District, Shenzhen, Guangdong 518000, China.   Shenzhen Bingrui Technology Co., Ltd. does business in this District and offers outdoor goods for sale.

13.     Upon information and belief, Defendants, including their DBAs, are parents, subsidiaries, affiliates, members, shareholders, investors, predecessors, officers, directors, agents, employees, attorneys, successors, assigns firms, or working in concert and are the same entity.

14.     P&P is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  P&P will amend this complaint to allege their true names and capacities when that has been ascertained.  P&P is informed and believes, and thereon alleges, that each of the fictitiously named Doe Defendants is responsible in some manner for the wrongs alleged herein, that P&P's injuries were proximately caused by such Doe Defendants, and that at all relevant times each was the parent, subsidiary, or affiliate corporate entity controlling or at least facilitating the actions taken by the other Defendants, or was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.  These

- 4 -

COMPLAINT

fictitiously named Doe Defendants along with the Defendants named above are referred to collectively herein as "Cooler Cruiser" or "Defendants".

15. More specifically, Doe Defendants may be third-party sellers selling infringing products including the Cooler Cruiser, White ("Cooler Cruiser White") and/or the Cooler Cruiser, Navy Blue ("Cooler Cruiser Blue"), collectively referred to herein as the "Accused Products".

16. On information and belief, Defendants individually and/or collectively import the Accused Products into the United States, sell those products through at least the website Amazon.com, distribute those products throughout the United States including California, and maintain physical locations at least within the State of California, and at least for receiving and distributing the Accused Products.

## FACTS RELEVANT TO ALL ALLEGATIONS

17. Plaintiff P&P is a leading designer and distributor of unique, creative, and proprietary games, sporting goods, outdoor goods, and other consumer products under various brands, including its GoSports®, GoFloats®, GoPong®, GoSports Outdoors ®, and CUDDY® brands.[1]  P&P advertises and promotes its products extensively in most major retail venues including Amazon, Walmart, and Target, as well as in several other Internet and brick and mortar retailers.  P&P's product lines are sold across the United States and in Canada, Mexico, Australia, and the United Kingdom.

18. P&P started with a single product in 2007 and has grown rapidly, creating nearly 1400 products to date.  Its innovative consumer products have gained significant recognition in the industry: P&P has been named one of the OC Business Journal's fastest growing private companies four years in a row, and P&P is on the Inc. 5000 list of America's Fastest Growing Private Companies.  P&P employs over 50 hard-working men and women in its Orange County headquarters.

---

[1] CUDDY (USPTO Reg. No. 7178094).

COMPLAINT

19.     P&P has worked vigorously to protect its products and intellectual property through the use of trademarks, copyrights, patents, and distinctive trade dresses.

20.     On or about May 6, 2025, P&P discovered Defendants were selling the Accused Products, and that the Accused Products infringed at least one federally registered copyright and trademark owned by P&P.  P&P documented listings and sales of the Accused Products and requested Amazon.com take down Defendants' sales listings of the Accused Products.

21.     On May 6, 2025, in response to P&P's first take down request made May 6, 2025, Amazon.com deactivated Defendants' listing for ASIN B0F3BTJNLP for copyright infringement.

22.     Defendants' listing for ASIN B0F3BTJNLP was reactivated by Amazon.com a few days later.  Upon information and belief, Defendants fraudulently misrepresented to Amazon.com that P&P's May 6, 2025 take down request was mistaken, thereby concealing their intentional copying, and induced Amazon.com to reactivate the listing based on that fraud.  Defendants with full knowledge of their infringements continued selling and distributing the Accused Products.

23.     On May 10, 2025, in response to P&P's second take down request made May 10, 2025, Amazon.com deactivated Defendants' listing for ASIN B0D5YM3FLK for copyright infringement.

24.     Defendants' listing for ASIN B0D5YM3FLK was reactivated by Amazon.com a few days later.  Upon information and belief, Defendants again fraudulently misrepresented to Amazon.com that P&P's May 10, 2025 take down request was mistaken, thereby concealing their intentional copying, and induced Amazon.com to reactivate the listing based on that fraud.  Defendants with full knowledge of their infringements continued selling and distributing the Accused Products.

25.     On or about September 18, 2025, P&P sent Defendants a Cease and Desist

COMPLAINT

Letter detailing Defendants' infringements of P&P's intellectual property and noticing those infringements to Defendants. A true and correct copy of the Cease and Desist Letter is attached hereto as Exhibit B.

26. P&P sent three follow up emails to Defendants regarding Defendants infringements and P&P's Cease and Desist Letter, but after initially denying P&P's claims of infringement detailed in P&P's September 18, 2025 Cease and Desist Letter, Defendants have ceased all communications with P&P.

27. On or about October 24, 2025, in response to P&P's third take down request made October 24, 2025 (Amazon IP Complaint ID: 18671495721), Amazon.com once again deactivated ASIN B0D5YM3FLK for copyright infringement.

28. On that same day, October 24, 2025, Defendants submitted a fraudulent counter-notice (e.g., characterized as a DMCA counter-notice) to P&P's third take down request. A true and correct copy of Amazon.com's notice to P&P of Defendant's October 24, 2025 counter-notice is attached hereto as Exhibit B-1.

29. In Defendant's October 24, 2025 counter-notice, Defendants made the following verified statements: (1) Defendants' full legal name is "shenzhenbingruikejiyouxiangongsi," which translates to Shenzhen Bingrui Technology Co., Ltd.; (2) Defendants' Mailing Address is "Building C4, Room 401-416-3, Zhonghao Industrial City, Xiangjiaotang Community, Bantian Street, Longgang District, Shenzhen"; (3) Defendants consented to the jurisdiction of the Federal District Court in which Defendants are located OR "any judicial district in which Amazon may be found", including this Judicial District; Defendants agreed to accept service of process from P&P; Defendants' agent who submitted the counter-notice, declared under penalty of perjury under the laws of the United States of America, was "Ying Zhi Zhang".

30. Ying Zhi Zhang AKA "Terry" has declared himself as the company representative for Defendant Shenzen Bingrui Technology Company Ltd. both in the

COMPLAINT

counter-notice and in emails to P&P, and further Terry has admitted in those emails that the images used by Defendant Shenzen Bingrui Technology Company Ltd. for its "cooler images" do in fact "appear structurally similar" and are "comparable visual representations" of P&P's Copyrighted images. See Exhibit B-2.

31. P&P reached out to Defendants and demanded they retract their fraudulent counter-notice, but Defendants refuse to resolve these matters with P&P, thereby forcing P&P to bring this suit to stop Defendants' illegal acts.

**P&P's CUDDY® product and trademark.**

32. P&P released the CUDDY® Floating Cooler and Dry Storage Vessel, White ("P&P's CUDDY®") for sale on February 4, 2023 at Amazon.com.[2] P&P prominently displays the Cuddy® registered trademark (Reg. No. 7178094, "P&P's Trademark") on its product listings and the physical product. A photograph of P&P's CUDDY® is shown below (See Exhibit C):



(P&P's CUDDY®)

---

[2] https://www.amazon.com/Cuddy-Floating-Cooler-Storage-Vessel/dp/B0BTV2QK5H

- 8 -

COMPLAINT

**Defendants' trademark infringement**

33.     Defendants sell the Cooler Cruiser Blue.[3] It was first released on Amazon.com on June 3, 2024, over a year after P&P's CUDDY® was released (See Exhibit D):



(Defendants' Cooler Cruiser Blue)

34.     Defendants also sell the Cooler Cruiser White.[4] It was released on Amazon.com on April 2, 2025, more than two years after P&P's CUDDY® was released (See Exhibit E):



(Defendants' Cooler Cruiser White)

35.     Defendants appropriated P&P's Trademark to market and sell the

---

[3] https://www.amazon.com/Cooler-Cruiser-Floating-Amphibious-Camping/dp/B0D5YM3FLK
[4] https://www.amazon.com/Cooler-Cruiser-Floating-Amphibious-Camping/dp/B0F3BTJNLP

COMPLAINT

Accused Products.  Defendants intentionally copied P&P's product and product materials so much so that they themselves refer to the Accused Products as "CUDDY" in their inserts for every Accused Products they've sold ("Accused Insert", Exhibit F), which is seen and used by consumers.  Defendants used P&P's Trademark to refer to the Accused Product in the Accused Insert:



(annotated image from page 7 of Exhibit F)

36.    Defendants market and sell their products in the United States, including California, at least via Amazon.com, Ebay.com, Alieexpress.com, Irockbrook.com and other such marketplaces.

37.    Upon information and belief, beginning on or before June 3, 2024 Defendants began to use P&P's Trademark in connection with the sales of the Accused Products, without authority, permission, or license.

38.    Defendants' intentional and willful use of P&P's Trademark has caused actual consumer confusion in the marketplace.  Defendants are aware that its customers are confused.  The image below is taken from Exhibit G and shows a consumer review and image posted on Amazon.com.  The consumer is holding an instruction manual for an accessory wheel kit specially made for P&P's CUDDY®, and, due to Defendants' use of P&P's Trademark the consumer is confused and believes that P&P's CUDDY® accessories are made for the Accused Products – when they are in fact only made for P&P's CUDDY®.

COMPLAINT



Amazon.com : Cooler Cruiser Floating Cooler – 32 QT up to 60 Hours Amphibious Ice Chest - Kayak Ca

(image from Exhibit G)

39.     Through P&P's promotional and advertising efforts, P&P's Trademark and P&P's CUDDY® have become widely known and recognized.  P&P has consistently used P&P's Trademark in connection with the promotion, advertising, and sales of P&P's CUDDY® well before the acts complained of herein.

40.     Defendants have been and are using P&P's exact trademark "CUDDY" on the Accused Insert for the marketing and sale of a knock-off product, offered at the same sales channel as P&P, namely Amazon.com.  Upon information and belief, Defendants caused these imitation products to enter into interstate commerce, including in the Central District of California.

41.     The Accused Products strongly resemble a genuine version of P&P's CUDDY® and the blatant unauthorized use of P&P's Trademark in conjunction with sales of the Accused Products are likely to confuse consumers (as shown in Exhibit G, actual confusion has already occurred) as to the affiliation, connection, or association of the Accused Products sold by Defendants and as to the origin, sponsorship, or approval of the Accused Products. Further, Defendant's intentional and widespread acts of copying weight in strong favor of intentional infringement as

COMPLAINT

it is believed that the copying was done specifically to capitalize on the goodwill of P&P's Trademark and the success of P&P's CUDDY® and cause substantial marketplace confusion.

42. The presence of the Accused Products in the marketplace and in advertising injures and damages the value of P&P's Trademark, the sales of P&P's CUDDY®, and the goodwill and reputation of both P&P's CUDDY® and P&P.

43. P&P sent a Cease and Desist letter to Defendants on September 18, 2025 and three follow up emails each clearly detailing the location and extent of Defendants' trademark infringement, and noticing Defendants of same. Defendants continue to willfully infringe P&P's Trademark.

44. On information and belief, Defendants have offered for sale, advertised, and sold the Accused Products with the intent to benefit from P&P's goodwill and reputation in the floating cooler and dry storage vessel market, to deceive the public as to the source or origin of Defendants' imitation products, and to profit from the demand created by P&P's CUDDY®.

45. On information and belief, Defendants have used false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in connection with sales and/or offers for sale of the Accused Products, which are likely to cause confusion, or to cause mistake, or to deceive as to the origin of the Accused Products, with the intent to benefit from P&P's goodwill and reputation in the floating cooler market, to deceive the public as to the source or origin of Defendants' imitation products, and to profit from the demand created by P&P's CUDDY®.

**P&P's Copyright**

46. P&P offers for sale P&P's CUDDY®. The imagery, artwork, and text for P&P's CUDDY® are protected by U.S. Copyright Registration Number VA 2-390-952 ("P&P's Copyright", Exhibit H). Protected works from VA 2-390-952 at issue here are provided below:

COMPLAINT

Imagery protected by P&P's Copyright:



P&P's Insert pages 4-5



P&P's Insert pages 8-9



P&P's Insert pages 14-15

- 13 -

**<u>Defendants' Copyright Infringement</u>**

47.    Defendants willfully copied works protected by P&P's Copyright.  In P&P's Cease and Desist letter (Exhibit B), P&P compared Defendants' Accused Insert with P&P's Insert, and P&P demonstrated that Defendants copied P&P's Insert page by page, thereby infringing P&P's Copyright.  P&P further explained that P&P's Copyright was infringed at least 20 times in Defendant's listing images for the Accused Products and, separately, in the Accused Insert.  Some examples of Defendants' infringement are pictured below:



<u>Example 1: image from the Accused Insert, Defendants used artificial intelligence to generate an infringing derivative of P&P's Copyright</u>



<u>Examples 2-3: Listing image used for the Accused Products ASINs B0F3BTJNLP & B0D5YM3FLK</u>

COMPLAINT



Examples 4-5: Listing image used for the Accused Products ASINs B0F3BTJNLP & B0D5YM3FLK





Example 6: P&P's Copyright                    Accused Product Infringement





Example 7: P&P's Copyright                    Accused Product Infringement

- 15 -

COMPLAINT



**4X CUP HOLDERS**

Designed to fit standard size coozies and can insulators

**4X CUP HOLDERS**

Crafted to accommodate standard-sized cozies and can insulators

Example 8: P&P's Copyright                    Accused Product Infringement





**6' TOW STRAP w/ 2 CARABINERS**

Tow behind a kayak, tube, SUP, etc. or anchor to a fixed point.

**6'TOW STRAP W/2 CARABINERS**

Ideal for towing behind a kayak, tube, SUP, etc., or anchoring to a fixed point

Example 9: P&P's Copyright                    Accused Product Infringement

m



**DUAL WALLED WITH SNOW BEAD™ INSULATION**

12-48 hour ice retention based on use and conditions

**TEMPSTEADY™ TECH**

48-72 hour ice ietention based on use and conditions

Example 10: P&P's Copyright                   Accused Product Infringement

COMPLAINT

 

**40 QT. CAPACITY**
(30 cans + 20lb ice)

**32 QT. CAPACITY**
(25 cans + 18lb ice)



Example 11: P&P's Copyright      Accused Product Infringement



Example 12: Accused Product Listing image, ASIN: B0F3BTJNLP

- 17 -

COMPLAINT



Example 13: Accused Product Listing image, ASIN: B0D5YM3FLK

Example 14: Accused Product Listing image, ASIN: B0D5YM3FLK

48.    For additional examples of Defendants' copyright infringements, see Exhibit B.

- 18 -

COMPLAINT

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Trademark Infringement of U.S. Trademark 7,178,094

49. P&P incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

50. Defendants have used and are using the CUDDY® registered trademark and/or have induced or materially contributed to such use in commerce in connection with the sale, offering for sale, distribution, and advertising of the Accused Products.

51. Defendants' use of the CUDDY® registered trademark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and/or the Accused Products with P&P and/or P&P's Trademark, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff, all to the damage and detriment of Plaintiff's reputation and good will.

52. Defendants continued use of the CUDDY® mark without Plaintiff's consent and and/or causing, inducing or materially contributing to such use constitutes direct and/or contributory trademark infringement pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53. Plaintiff has suffered irreparable harm as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendants, their agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

54. Defendants' acts were done intentionally and with knowledge of Plaintiff's rights and thus constitute deliberate and willful infringement.

55. As a result of this trademark infringement, Plaintiffs have sustained and continue to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

COMPLAINT

## SECOND CLAIM FOR RELIEF

### Infringement of Copyright Registration No. VA 2-390-952

56. P&P repeats and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

57. P&P owns the Copyright in P&P's Copyright, registration number VA 2-390-952.

58. In accordance with the Copyright Act, P&P has Registered P&P's Copyright with the United States Copyright Office, prior to commencement of this action, and said registered copyright has not expired.

59. Defendants have, without permission, used P&P's Copyright.

60. Defendants have infringed P&P's exclusive rights to P&P's Copyright, pursuant to 17 U.S.C. § 113.

61. Defendants' conduct was intentional and willful and undertaken with a conscious disregard of P&P's rights.

62. P&P is entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504.

63. P&P is entitled to statutory damages under the Copyright Act for intentional and willful infringement, up to $150,000 per infringement.

64. P&P also is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

65. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause P&P great and irreparable injury that cannot fully be compensated or measured in money. P&P has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, P&P is entitled to preliminary and permanent injunctions prohibiting further infringements of P&P's Copyright and exclusive rights.

COMPLAINT

# THIRD CLAIM FOR RELIEF

## Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.)

66.     P&P incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

67.     Defendants' actions described herein, specifically unauthorized and unlawful copying and use in the marketplace of P&P's Trademark and P&P's Copyright, to sell its own products, constitutes unlawful, unfair, fraudulent, and/or deceptive business acts and/or practices.  Defendants' actions thus constitute "unfair competition" in violation of California Business and Professions Code Section 17200.

68.     Defendants' conduct, in violation of California Business and Professions Code § 17200, et seq., has caused, and is likely to continue to cause, public confusion, deception, mistake, and infringes P&P's rights, including its trademark and copyright rights, and the goodwill associated with them.

69.     As a result of Defendants' actions, P&P has suffered injury, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its common law trademark rights.

70.     Defendants' acts have caused, and will continue to cause, irreparable injury to P&P, which injury has no adequate remedy at law.  P&P is thus entitled to a preliminary and permanent injunction restraining Defendants, its agents, employees, representatives, and any and all other persons and/or entities acting in concert with it from engaging further in such unlawful acts, pursuant to at least California Business and Professions Code Section 17203.

71.     In addition, P&P requests that the Court order that Defendants disgorge all profits wrongfully obtained because of Defendants' unfair competition, and order that Defendants pay restitution to P&P in an amount to be proven at trial.

COMPLAINT

## FOURTH CLAIM FOR RELIEF

### Unfair Competition (California Common Law)

72.     P&P incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

73.     By reason of the acts complained of herein, Defendants have unfairly competed with P&P in violation of the common law of the State of California.

74.     Because of this unfair competition, P&P has been irreparably harmed in its business.

75.     P&P is informed and believes, and based thereon alleges, that Defendants' acts have been done oppressively, fraudulently, and maliciously and with the intent to trade upon the goodwill of P&P and to injure P&P.

76.     P&P is informed and believes, and based thereon alleges, that Defendants will continue the acts of unfair competition described above to the irreparable injury of P&P and the public unless restrained and enjoined.

COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, P&P hereby requests the following relief against Defendants, and each of them, as follows:

A.     That judgment be entered in favor of P&P and against Defendants on each claim made in the Complaint;

B.     That the Court order that Defendants, its parents, subsidiaries, affiliates, members, shareholders, investors, predecessors, officers, directors, representatives, agents, employees, attorneys, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be immediately and permanently enjoined from:

1. directly or indirectly infringing the Registered Trademark No. 7178094; and

2. directly or indirectly infringing the VA 2-390-952 Copyright;

C.     That P&P be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Defendants' unlawful acts, including P&P's loss of past and/or future sales, and damages caused by Defendants' acts of infringement;

D.     That P&P be awarded increased damages based upon the intentional and willful nature of Defendants' conduct of the kind complained of herein, which are presently estimated to be in excess of $3M in an amount to be proven at trial;

E.     That P&P be awarded all gains, profits, and advantages received by Defendants from the sale of its Accused Products, and any other products that infringe upon P&P's rights;

F.     Restitution in the amount of all of Defendants' profits earned in connection with its acts in violation of Cal. Bus. Prof. Code § 17200 *et seq.*;

G.     That Plaintiff be awarded prejudgment interest, post judgment interest, and taxable costs of this action, including Expert Witness fees, together with attorneys' fees, pursuant to at least Section 35 of the Lanham Act, 15 U.S.C. § 1117,

COMPLAINT

and 35 U.S. Code § 285;

H.     That Plaintiff be awarded punitive damages for Defendant's oppressive, fraudulent, and malicious acts of unfair competition;

I.     That Plaintiff be granted such other and further relief as the Court deems just and proper.

DATED: November 7, 2025                    Respectfully submitted,


                                           /s/ *Nathan L. Archuleta*
                                           Nathan L. Archuleta
                                           Attorney for Plaintiff
                                           P&P Imports LLC

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff P&P Imports LLC respectfully demands a trial by jury on all claims and issues so triable.

DATED: November 7, 2025                         Respectfully submitted,

                                              /s/ *Nathan L. Archuleta*
                                              Nathan L. Archuleta
                                              Attorney for Plaintiff
                                              P&P Imports LLC

COMPLAINT